# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMES C. CHENAULT**                                                                             **PLAINTIFF**

**V.**                              **NO. 4:22-cv-01024-BRW-ERE**

**ZEO PHILLPOTS,** *et al.*                                                                    **DEFENDANTS**

## ORDER

Plaintiff James C. Chenault, a pre-trial detainee at the Pope County Detention Center ("Detention Center") filed this federal civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*.

In his complaint, Mr. Chenault alleges that, on October 1, 2022, Officer Zeo Phillpots used excessive force against him. He also states that Sergeant Sumners failed to offer him medical attention following the incident. However, he does not name Sergeant Sumners as a Defendant. Rather, Mr. Chenault sues Officer Phillpots, the Detention Center, and an unidentified "Jail Administrator, Sheriff" seeking compensatory damages.

Although Mr. Chenault has stated an excessive-force claim against Defendant Phillpots, it is unclear whether he also seeks to proceed on a medical deliberate-indifference claim against Defendant Sumners. Accordingly, the Court will postpone

the screening process mandated by 28 U.S.C. § 1915A[1] to give Mr. Chenault an opportunity to file an amended complaint clarifying his claims.

If Mr. Chenault files an amended complaint, he should specifically state whether he seeks to proceed: (1) only on his excessive force claim against Defendant Phillpots; or (2) on both an excessive force claim against Defendant Phillpots and a medical deliberate indifference claim against Sergeant Sumners. An amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.* 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). Thus, Mr. Chenault should make sure that his amended complaint, if filed, includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit.

Mr. Chenault is advised that the Detention Center is not an entity that can be sued in a civil rights case brought under § 1983. *Day v. Minnehaha County*, 632 Fed. Appx. 305 (8th Cir. 2016) (per curiam) (citing *Owens v. Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003) ("county jails are not legal entities amendable to suit")); *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992) (West Memphis

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities); *Heesch v. Flex RN*, 2022 WL 2375161, at *1 (E.D. Va. June 30, 2022) (internal citations omitted) ("Neither inanimate objects such as buildings, facilities, and grounds nor collective terms such as staff or agency are persons who can be sued under § 1983).

In addition, although Mr. Chenault sues the unidentified "Jail Administrator, Sheriff," in his complaint, he fails to state how that Doe Defendant violated his constitutional rights. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (internal quotation marks and citation omitted). A plaintiff must allege specific facts describing how each defendant violated his federally protected rights. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

IT IS THEREFORE ORDERED THAT:

1. Mr. Chenault may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Chenault fails to file an amended complaint, the Court will screen his original complaint, which may result in the dismissal of some or all of his claims.

3. The Clerk is instructed to mail Mr. Chenault a blank § 1983 complaint form.

Dated this 24th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE