# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMES C. CHENAULT**                                                                 **PLAINTIFF**

**V.**                          **NO. 4:22-cv-01024-BRW-ERE**

**ZEO PHILLPOTS,** *et al.*                                                           **DEFENDANTS**

## ORDER

Plaintiff James C. Chenault, a pre-trial detainee at the Pope County Detention Center ("Detention Center") filed this federal civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*.

In his original complaint, Mr. Chenault alleged that, on October 1, 2022, Officer Zeo Phillpots used excessive force against him. He also stated that Sergeant Sumners failed to offer him medical attention following the incident. However, he did not name Sergeant Sumners as a Defendant. Rather, Mr. Chenault sued Officer Phillpots, the Detention Center, and an unidentified "Jail Administrator, Sheriff" seeking compensatory damages.

Although Mr. Chenault stated an excessive-force claim against Defendant Phillpots, it was unclear whether he also sought to proceed on a medical deliberate-indifference claim against Sergeant Sumners. Accordingly, the Court postponed the

screening process mandated by 28 U.S.C. § 1915A[1] to give Mr. Chenault an opportunity to file an amended complaint clarifying his claims. *Doc. 4*. Mr. Chenault has now filed an amended complaint. *Doc. 5*.

In his amended complaint, Mr. Chenault alleges that: (1) Defendant Phillpots used excessive force against him; (2) Sergeant Sumners and Jail Administrator Rowdy Sheets failed to provide him adequate medical treatment for the injuries that he sustained during the incident with Defendant Phillpots. Mr. Chenault names Zeo Phillpots, Sergeant Sumners, and Rowdy Sheets as Defendants, but abandons his claims against the Pope County Detention Center and the unidentified Doe Defendant.[2]

For screening purposes, Mr. Chenault has now stated: (1) an excessive force claim against Defendant Phillpots; and (2) a medical deliberate indifference claim against Defendant Sumners. Service is now proper for those claims. The Court will

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] The Court previously notified Mr. Chenault that an amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.* 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). Thus, Mr. Chenault should make sure that his amended complaint, if filed, includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit.

address Mr. Chenault's claims against Rowdy Sweets in a separate Recommendation.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is instructed to prepare a summons for Defendants Zeo Phillpots and Sergeant Sumners.

2. The United States Marshal is directed to serve these Defendants with a summons and a copy of the complaint and the amended complaint (with any attachments) (*Docs. 2, 5*), without requiring prepayment of fees and costs or security. Service for Defendants should be attempted through the Pope County Detention Center, 10 County Complex Circle, Russellville, Arkansas 72801.

3. The Clerk is instructed to terminate the Pope County Detention Center and the Doe Defendant as party Defendants.

Dated this 2nd day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE